## Case No. 6,785.

### HOWE MACH. CO. v. HADDEN et al.

[8 Biss. 208; 6 Reporter, 136; 6 Cent. Law J. 446; 2 Month. Jur. 136; 18 Alb. Law J. 294; 24 Int. Rev. Rec. 236; 25 Pittsb. Leg. J. 204.] [1]

Circuit Court, D. Indiana. April Term, 1878.

BILLS AND NOTES—EXTINGUISHMENT OF LIABILITY OF INDORSER.

Where A., the payee of a note, indorsed it to B., who in the course of trade re-indorsed it to A., and then A. indorsed it to the plaintiff: *Held*, that the re-indorsement from B. to A. created no liability on the part of B. to A. nor to the plaintiff.

Action by the Howe Machine Company against Hadden, Good, and Fisher on four notes of $500 each, executed by Hadden to Good. The latter assigned the notes by indorsement to Fisher, who afterwards assigned them by indorsement to Good, who assigned them by indorsement to plaintiff. The third note was past due before any of the indorsements were made on it. In each paragraph of the petition it is alleged "said Good indorsed the same (note) to the defendant Fisher, who in course of trade indorsed the same to said Good, who in like manner indorsed the same to the plaintiff." Copies of the notes and indorsements were made part of each paragraph. The defendant Fisher demurred.

Baker, Hord & Hendricks, for plaintiff.

Dye & Harris, for defendants.

GRESHAM, District Judge. It is clear that Good could not maintain an action against Fisher on the latter's indorsements. The law presumes from Good's possession of the notes, after their re-indorsement to him by Fisher, that they were paid by Good as the first indorser. And further, if Good could sue Fisher on the latter's indorsement, Fisher could turn round and sue Good on his prior indorsement. To prevent this circuity or multiplicity of actions, the law in such cases, allows the liability of the first indorser to extinguish the liability of the second. Byles, Bills, 154; Bishop v. Hayward, 4 Term R. 470. Fisher's liability being extinguished as between him and Good, can the plaintiff, Good's indorsee, recover from Fisher? In reason it would seem not unfair to say that the indorsement and possession of Good, the payee, was prima facie evidence that he had got the notes back by payment or purchase. But if the indorsements on these notes were in blank there is authority for saying the presumption would be that Fisher had signed for the accommodation of Good. If a bill or commercial note be bought from the maker or some prior indorser before maturity, in good faith, the indorsement being in the usual form, in blank, the presumption is that the subsequent indorsements were made for the

accommodation of the maker or prior indorser. Palmer v. Whitney, 21 Ind. 58; Runyan v. Reed [5 Clark (Pa.) 439]; Mauldin v. Branch Bank, 2 Ala. 502. The third note in suit was past due some time before any of the indorsements were made on it; as to it there is no ground for presuming that Fisher indorsed for Good's accommodation. The indorsements on the first, second, and fourth notes are without date, and the presumption is that they were made before maturity. But it will be observed that all the indorsements are special. Good, Fisher, and the plaintiff are the only persons who have held the notes. Good, the payee, indorsed to Fisher, who re-indorsed to Good, who then indorsed to the plaintiff. The plaintiff had no right to infer that Fisher had indorsed for the accommodation of Good. In fact, the special indorsements were notice to the plaintiff to the contrary, and informed it that Good had come into possession of the notes by payment or purchase. Knowing this, the plaintiff had no more right to buy the notes from Good, expecting to hold Fisher liable, than if it had known that Good had released Fisher for a consideration. It will not do for the plaintiff to insist that Fisher must be held to have indorsed for accommodation of Good, when in each paragraph of the complaint it is alleged that "said Good indorsed the same (note) to the defendant Fisher, who in course of trade indorsed the same to said Good, who, in like manner indorsed the same to this plaintiff." Demurrer sustained.